## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARY LUCIDO, | : | |
| Plaintiff, | : | |
| | : | **OPINION AND ORDER** |
| v. | : | |
| | : | |
| UBER TECHNOLOGIES, INC., SYED M. | : | |
| AHMED, AMERICAN TRANSIT | : | Civ. No. 17-6361 (WHW-CLW) |
| INSURANCE COMPANY, JOHN DOE (1– | : | |
| 10), and ABC CORP. (1–10). | : | |
| | : | |
| Defendants. | : | |
| | : | |

**Walls, Senior District Judge**

Pending before the Court are two motions to dismiss. In the first, defendant American Transit Insurance Company ("American Transit") moves to dismiss under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. ECF No. 11. In the second, defendants American Transit and Syed M. Ahmed request dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction. ECF No. 12. Decided without oral argument under Rule 78, the motion to dismiss under Rule 12(b)(1) is granted, and it is unnecessary for the Court to consider American Transit's Rule 12(b)(2) motion, which the Court denies as moot.

Plaintiff Mary Lucido, a New Jersey resident, filed this personal-injury action on August 23, 2017. Her complaint alleges that Uber Technologies, Inc. ("Uber") is a Delaware corporation doing business in New York, Ahmed is a New Jersey resident, and American Transit is a New York corporation doing business in New York. Compl. at 2. It contains no allegations regarding John Doe(s)'s or ABC Corp(s).'s residencies or citizenships. The gravamen of

1

Lucido's complaint is that Ahmed, while driving for Uber in New York City, ran over Lucido's ankle and foot as Lucido attempted to enter his vehicle. *Id.*

Under 28 U.S.C. § 1332, the district courts have subject-matter jurisdiction over civil actions between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. If a court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3); *see Frett–Smith v. Vanterpool*, 511 F.3d 396, 398 n.3 (3d Cir. 2008).

In a Rule 12(b)(1) motion, "the Court is free to weigh the evidence and satisfy itself whether it has power to hear the case." *Carpet Group Int'l v. Oriental Rug Imp. Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). The plaintiff must not only demonstrate that a controversy existed at the time it filed suit, but that it continues to exist throughout the litigation. *Lusardi v. Xerox Corp.*, 975 F.2d 964, 974 (3d Cir. 1992).

American Transit and Ahmed contend that because both Lucido and Ahmed are New Jersey residents, there is no diversity of citizenship and, consequently, the Court lacks subject matter jurisdiction. Lucido does not dispute that both she and Ahmed reside in New Jersey. *See* ECF No. 13 at 1. "A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 388 (1998). Here, because plaintiff Lucido and defendant Ahmed are New Jersey residents, there is not complete diversity of citizenship. It follows that the Court lacks subject matter jurisdiction over their dispute, and it is hereby

ORDERED that defendants American Transit's and Syed M. Ahmed's motion to dismiss for lack of subject matter jurisdiction, ECF No. 12, is granted; and it is further

ORDERED that defendant American Transit's motion to dismiss for lack of personal jurisdiction, ECF No. 11, is denied as moot.

DATE: 9 January 2018

William H. Walls
Senior United States District Court Judge